UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| LISA RUPP, ) | |
| ) | |
|     Plaintiff, ) | 3:11-cv-00052 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| WAL-MART STORES, INC., ) | [Re: Motion at Docket 20] |
| ) | |
|     Defendant. ) | |
| ) | |

## I. MOTION PRESENTED

At docket 20, defendant Wal-Mart Stores, Inc. ("Wal-Mart") moves *in limine* to exclude evidence of medical expenses in excess of amounts paid by Medicaid and Medicare. Plaintiff Linda Rupp ("Rupp") opposes the motion at docket 29. Wal-Mart's reply is at docket 35. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Rupp was injured on April 24, 2009, while shopping at Wal-Mart. Rupp alleges that she slipped on a trail of liquid while pushing a shopping cart down a gardening aisle. Rupp maintains that she injured her back and knees.[1] Her medical care was paid for by Medicare and Medicaid. The medical care providers accepted Medicaid and Medicare payments as full and final payments for the services rendered. The question is whether plaintiff may present evidence of the medical providers' billings in excess of the amounts paid by Medicare and Medicaid.

## III. DISCUSSION

Whether a plaintiff may present evidence of medical bills in excess of amounts paid by Medicaid and accepted by a health care provider as full payment is an open question under Alaska law.[2] Where there is no controlling precedent on a question of state law, a district court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance."[3]

The collateral source rule "prohibits the reduction of a plaintiff's damages when he has received compensation from another source."[4] "The rule is based on the principle that a tort-feasor is not entitled to have his liability reduced merely because plaintiff was fortunate to have received compensation for his injuries or expenses from a collateral source."[5] "The rule thus dictates that an injured plaintiff may recover from the tortfeasor money an insurer has paid to medical providers on his or her behalf."[6] The

---

[1] Doc. 1-2 at 4.

[2] *See Lucier v. Steiner Corp.*, 93 P.3d 1052 (Alaska 2004) (dismissing a petition for review of the precise question).

[3] *Ariz. Elec., Power Coop. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995).

[4] *Tolan v. ERA Helicopters, Inc.*, 699 P.2d 1265, 1267 (Alaska 1985).

[5] *Ridgeway v. North Star Terminal & Stevedoring, Inc.*, 378 P.2d 647, 650 (Alaska 1963).

[6] *Howell v. Hamilton Meats & Provisions*, 257 P.3d 1130, 1135 (Cal. 2011).

issue is whether under Alaska law a plaintiff may present evidence, in the form of bills from a medical provider, that the reasonable value of his or her injury is greater than the amount accepted as full payment pursuant to the medical care provider's contractual arrangement with Medicaid or Medicare.

Defendant argues that the Alaska Supreme Court would follow *Howell v. Hamilton Meats & Provisions*, a recent California Supreme Court case.[7] In that case, the court held that "an injured plaintiff whose medical expenses are paid through private insurance may recover as economic damages no more than the amounts paid by the plaintiff or his or her insurer for the medical services received or still owing at the time of trial."[8] *Howell* stands for the proposition that the amount that an injured party was not obligated to pay a health care provider and which was not paid by her own insurer to the health care provider are neither damages nor a collateral source.

A dispute more precisely on point was addressed earlier by the California Court of Appeal in *Hanif v. Housing Authority*.[9] The facts in *Hanif* more closely parallel the facts in the case at bar because *Hanif* involved medical expenses covered by Medi-Cal–California's implementation of Medicaid[10]–as opposed to medical expenses covered by private insurance as in *Howell*. *Hanif* held that a trial court overcompensated a plaintiff who presented evidence that the amounts paid by Medi-Cal were lower than the reasonable value of his treatment.[11] The court determined that the plaintiff's recovery should have been limited to the amount paid by Medi-Cal.[12] The court reasoned that the plaintiff's loss was only what was paid on his behalf and an

---

[7] 257 P.3d 1130 (Cal. 2011).

[8] *Id.* at 1145.

[9] 246 Cal. Rptr. 192 (Cal. Ct. App. 1988).

[10] *See Olszewski v. Scripps Health*, 69 P.3d 927, 932 (Cal. 2003).

[11] 246 Cal. Rptr. at 194, 197.

[12] *Id.* at 197.

-3-

award of more would no longer be compensatory.[13] The court stated that a plaintiff's recovery is limited "when the evidence shows a sum certain to have been paid or incurred for past medical care and services, whether by the plaintiff or by an independent source."[14] *Hanif* was cited with approval by the California Supreme Court in both *Howell* and *Olszewski v. Scripps Health*.[15]

*Howell* extended the limit imposed by *Hanif* and similar cases to privately-insured plaintiffs.[16] The *Howell* court recognized that no previous California case "discussed the question . . . of whether restricting recovery to amounts actually paid by a plaintiff or on his or her behalf contravenes the collateral source rule."[17] The *Howell* court concluded that such restriction did not violate the collateral source rule.[18] The court reasoned that where a "plaintiff negotiates a discount and thereby receives services for less than might reasonably be charged, the plaintiff has not suffered a pecuniary loss or other detriment in the greater amount and therefore cannot recover damages for that amount."[19] The *Howell* court determined that such limitation did not constitute a windfall to the tortfeasor because the price of medical service varies dramatically depending on whether the patient is insured or uninsured and because insurance companies are better situated to negotiate those prices.[20] The court rejected the plaintiff's argument that the difference between the rate paid and the higher rate was recoverable under her insurance policy. The court reasoned that "[h]aving never incurred the full bill, plaintiff

---

[13] *Id.* at 195.

[14] *Id.*

[15] 69 P.3d 927.

[16] 257 P.3d at 1145.

[17] *Id.* at 1137.

[18] *Id.* at 1145.

[19] *Id.* at 1138.

[20] *Id.* at 1142. The implication is that the ensuing negotiation better reflects the reasonable value of the services provided.

-4-

could not recover it in damages for economic loss. For this reason alone, the collateral source rule would be inapplicable."[21]

Plaintiff cites a dissent from a denial of a petition for review in *Lucier v. Steiner Corp.*[22] In that case, a three-justice majority dismissed a previously granted petition for review of the precise question raised in the case at bar. Defendant cites the dismissal as support for its position. Ultimately, however, "[a] denial of a petition for review of an interlocutory order does not mean that [the Alaska Supreme Court] either approve[s] or disapprove[s] of the order sought to be reviewed."[23]

The dissent in *Lucier* contended that "medical care . . . received at Medicaid's expense [is] a collateral source benefit and its value may not be used to reduce [a] damages award, except under the conditions and procedures laid out in AS 09.17.070."[24] The dissent cited cases from Georgia and Virginia in support of the proposition that "when a medical provider accepts payments of less than the value of the care and writes off the rest, the collateral source rule covers the entire value, including the amount written off."[25] The dissent argued that the discounted portion of a medical bill "is part of the value of [a] collateral benefit." [26]

As the dissent in *Lucier* points out, AS § 09.17.070 suggests that the correct procedure is to permit a plaintiff to produce evidence of the value of his or her medical treatment–regardless of whether the plaintiff actually shoulders the cost–and then to

---

[21]*Id.* at 1143.

[22]93 P.3d 1052, 1053–55 (Alaska 2004).

[23]*Contento v. Alaska State Housing Authority*, 398 P.2d 1000, 1001 (Alaska 1965).

[24]93 P.3d at 1053.

[25]*Id.* (citing *Olariu v. Marrero*, 549 S.E.2d 121, 123 (Ga. Ct. App. 2001); *Acuar v. Letourneau*, 531 S.E.2d 316, 322 (Va. 2000)).

[26]*Id.* at 1054.

permit a defendant to introduce evidence of amounts received from a collateral source after the fact finder has rendered an award.[27]

Defendant's argument relies in part on the *Howell* court's view that amounts beyond what is actually paid are not incurred and therefore are outside the scope of the collateral source rule. The problem with that view is that the purpose of the evidence in question is to value a plaintiff's injury. Plaintiff would have been responsible for the higher rates but for Medicaid's contract with the provider. In that sense the difference between the negotiated rate and the higher rates constitutes an amount received.

Consistent with its obligation to predict how the Alaska Supreme Court would decide this issue, the court concludes that the *Howell* approach is inconsistent with the Alaska legislature's collateral source framework, codified in AS § 09.17.070, and therefore that the Alaska Supreme Court would not follow it.

### IV. CONCLUSION

For the reasons above, Wal-Mart's motion *in limine* at docket 20 is **DENIED**.

DATED this 30th day of May 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[27] AS § 09.17.070.